IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRACY M. MCCANTS, <br><br> Plaintiff, <br><br> vs. <br><br> NEBRASKA DEPARTMENT OF CORRECTIONAL SERV., PRISON GUARD SGT. ANDERSON, PRISON GUARD CPL. KERR, PRISON NURSE UNKNOWN, J. VEAVART, and UNKNOWN/UNNAMED PRISON STAFF, <br><br> Defendants. | 4:24CV3027 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff Tracy M. McCants filed a Complaint on February 2, 2024. Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 8. Though Plaintiff has not yet paid any portion of his initial partial filing fee as directed by the Court,[1] *see* Filing No. 16, the Court will conduct an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I. SUMMARY OF COMPLAINT**

Plaintiff is an inmate currently confined in the Omaha Correctional Center in the custody of the Nebraska Department of Correctional Services ("NDCS"). Liberally construed, Plaintiff sues NDCS, Director Robert Jeffreys ("Jeffreys"),[2] Sergeant Johnathan Anderson ("Anderson"), Corporal DeCarlo Kerr ("Kerr"), NDCS medical staff member J. Voavart ("Voavart"), and "unknown/unnamed prison staff" (collectively

---

[1] On May 30, 2024, Plaintiff filed correspondence with the Clerk of the Court, which was docketed as a Motion to Dismiss, requesting to withdraw his Complaint "due to [his] inability to pay the filing fee." Filing No. 17. The Court will address this motion below.

[2] Plaintiff misspelled this defendant's last name as "Jefferies." Filing No. 1 at 2. The Court will use the correct spelling throughout this Memorandum and Order.

"Defendants") for failing to protect Plaintiff from an assault by another inmate and failing to provide Plaintiff medical treatment while Plaintiff was confined in the Reception and Treatment Center ("RTC").

During the week of December 10, 2023, Plaintiff alleges he told Anderson he was "fearful and concern[ed] about his safety" because his cellmate, William Wright ("Wright"), "was talking in his sleep about killing another person." Filing No. 1 at 8. Anderson "said he would look into the situation." Id. Plaintiff also told Kerr about his concerns for his safety in living with Wright and about his conversation with Anderson. Id. Kerr also stated "he would look into the matter." Id. Plaintiff alleges Anderson and Kerr failed to take action regarding Plaintiff's concerns about Wright, and, on December 15, 2023, Wright attacked and assaulted Plaintiff.

After the assault, Plaintiff was examined by Voavart and reported to Voavart that his arm was broken. Voavart "told [P]laintiff that it was only a bump." Id. Voavart wrapped Plaintiff's arm and told Plaintiff to take ibuprofen. On the following day, Plaintiff continued to experience pain in his right arm and his hand was swollen. NDCS medical staff reexamined Plaintiff on December 17, 2023, and had Plaintiff transported to a hospital. Plaintiff was "diagnose[d] with a broken arm requiring extensive surgery." Id. at 9.

Based on these events, Plaintiff seeks a declaration that Defendants violated his rights and damages of $800,000. Id. at 11.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental

2

entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.

*West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

#### A. Sovereign Immunity

Plaintiff sues the NDCS and the individual Defendants in both their individual and official capacities for damages and declaratory relief. However, states or governmental entities that are considered arms of the state are not suable "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). Thus, the NDCS must be dismissed from this action for failure to state a claim upon which relief may be granted.

Moreover, Plaintiff's claims for monetary relief and for a declaration of past constitutional violations against the NDCS and the individual Defendants in their official capacities are barred by Eleventh Amendment sovereign immunity. *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (per curiam) (section 1983 provides no cause of action against agents of the state acting in their official capacities; sovereign immunity bars claim against state-agency employees for monetary damages under federal act); *Jacobson v. Bruning*, No. 4:06-CV-3166, 2007 WL 1362638, at *2 (D. Neb. Apr. 24, 2007) ("a declaratory judgment establishing *past* liability of the State is . . . forbidden by the Eleventh Amendment" (italics in original) (citing *Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 646 (2002))); *Hansen v. Vampola*, No. 4:07CV3074, 2007 WL 1362689, at *2 (D. Neb. Apr. 16, 2007) ("A declaratory judgment establishing only the **past liability** of the state is forbidden by the state's sovereign immunity preserved by the Eleventh Amendment to the Constitution." (bold in original)).

4

There is nothing in the record before the Court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. Thus, Plaintiff's claims for money damages and declaratory relief for past liability against the NDCS and the individual Defendants in their official capacities are barred by the Eleventh Amendment and cannot proceed.

Sovereign immunity, however, does not bar damages claims against state officials acting in their individual capacities. Thus, the Court will analyze Plaintiff's claims asserted against each of the individual Defendants.

**B.  Director Jeffreys**

Plaintiff sues the NDCS Director Jeffreys, but the only facts regarding Jeffreys in the Complaint appear to be that Plaintiff appealed his Step Three grievance about the assault to Jeffreys and is awaiting a decision. Filing No. 1 at 5. Plaintiff's allegations fail to state a plausible claim for relief against Jeffreys as Plaintiff does not allege any facts regarding Jeffreys' involvement in the alleged constitutional violations.

"To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cty.*, 964 F.3d 690, 700 (8th Cir. 2020) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)). A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. 662, 676 (2009). Moreover, "[i]t is well settled that § 1983 does not impose respondeat superior liability." *Hughes v. Stottlemyre*, 454 F.3d 791, 798 (8th Cir. 2006) (internal quotation marks omitted). Put another way, Jeffreys cannot be held liable for the actions of the NDCS staff members who allegedly failed to protect and treat Plaintiff based solely on his

5

position as the NDCS Director. *See Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012) (prison supervisors cannot be held liable under § 1983 based on respondeat superior theory). "Supervisors can, however, 'incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of violative practices.'" *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)).

Here, Plaintiff has alleged no facts with respect to Jeffreys' involvement in any of the alleged constitutional violations nor has Plaintiff alleged that Jeffreys' failed to take corrective action or tacitly authorized any violative practices. Accordingly, Plaintiff has failed to state a claim for relief against Jeffreys.

## C. Anderson and Kerr

Liberally construed, Plaintiff alleges Anderson and Kerr failed to protect him from the assault by inmate Wright in violation of the Eighth Amendment.

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, prison officials do not incur constitutional liability for every injury suffered by a prisoner. *Id*. at 834. In order to prevail on an Eighth Amendment failure-to-protect claim, an inmate must make two showings. First, the inmate must demonstrate that he or she is "'incarcerated under conditions posing a substantial risk of serious harm.'" *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (quoting *Farmer*, 511 U.S. at 834). The second requirement concerns the state of mind of the prison official who is being sued. *Id*. It mandates that the inmate show that the official "knows of and disregards an excessive

risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id*. (internal quotation omitted). This subjective requirement is necessary because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Id*. (internal quotation omitted).

Plaintiff's allegations indicate that he was attacked by inmate Wright after reporting to Anderson and Kerr that he was concerned for his safety and felt threatened by Wright and that Anderson and Kerr failed to take any action regarding Plaintiff's concerns. Given the liberal construction afforded to pro se litigants' pleadings, the Court concludes that Plaintiff has stated sufficient failure-to-protect claims against Anderson and Kerr in their individual capacities.

## D. Voavart

Liberally construed, Plaintiff alleges a claim of deliberate indifference to his serious medical needs in violation of the Eighth Amendment against Voavart. To establish an Eighth Amendment violation, a prisoner must demonstrate an objectively serious medical need that the defendant knew about and deliberately disregarded. *Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020), *reh'g denied* (May 12, 2020) (citing *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018)). Ascertaining "[w]hether an official was deliberately indifferent requires both an objective and a subjective analysis." *Ryan v. Armstrong*, 850 F.3d 419, 425 (8th Cir. 2017) (quoting *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014)).

"The objective component of a claim for deliberate indifference to serious medical needs is satisfied if the medical need in question 'is supported by medical evidence,

7

such as a physician's diagnosis, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Id. (quoting Bailey v. Feltmann, 810 F.3d 589, 594 (8th Cir. 2016) (internal quotation omitted)). Establishing the subjective component of a deliberate indifference claim requires "more than negligence, more even than gross negligence, but less than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." Thompson v. King, 730 F.3d 742, 747 (8th Cir. 2013) (internal citations and quotation marks omitted). Thus, to be liable for deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Here, Plaintiff reported to Voavart that his arm was broken, but Voavart discounted or disregarded Plaintiff's report. As a result, Plaintiff's injury "was not properly diagnosed and treated when initially reported," Filing No. 1 at 9, and Plaintiff experienced continued pain and required surgery for his broken arm after he was taken to a hospital two days later. Giving Plaintiff's allegations the most liberal construction, the Court concludes that Plaintiff has stated a sufficient Eighth Amendment deliberate indifference claim against Voavart.

**E. Unknown Defendants**

Plaintiff also names "unknown/unnamed prison staff" as defendants in this case. However, Plaintiff cannot proceed against the unknown, unnamed Defendants because he has not provided sufficient information from which these Defendants may be identified. "'[A]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be

ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). Plaintiff's allegations regarding these unknown, unnamed prison staff Defendants are not sufficiently specific to satisfy the exception to the general prohibition against fictitious parties. *See Id*. The Complaint "does not sufficiently allege who the [unknown] Defendants are, what they allegedly did, what their position is for the [NDCS], or any other facts that would permit the [unknown] Defendants to be noticed or identified through discovery." *Id*.

## IV. OTHER PENDING MOTIONS

### A. Motion for Appointment of Counsel

Shortly after filing his Complaint, Plaintiff filed a motion seeking the appointment of counsel, Filing No. 9, and a declaration in support of his motion, Filing No. 10. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Moreover, "[t]he appointment of counsel 'should be given serious consideration . . . if the plaintiff has not alleged a frivolous or malicious claim' and the pleadings state a prima facie case." *Rayes v.*

9

*Johnson*, 969 F.2d 700, 703 (8th Cir. 1992) (quoting *In re Lane*, 801 F.2d 1040, 1043 (8th Cir.1986) (internal quotation omitted)).

Here, the Court has concluded that Plaintiff has alleged sufficient facts to state an Eighth Amendment claim against Defendants Anderson, Kerr, and Voavart. This case also may require expert medical testimony and will likely involve conflicting testimony as Plaintiff notes in his declaration in support of his motion. Filing No. 10 at 1–2, ¶¶ 4, 7. Moreover, Plaintiff's admitted "limited knowledge of the law," Filing No. 9, ¶ 3, appears to be a hindrance to his prosecution of this case as indicated by his correspondence in which he requests to withdraw his Complaint in order to avoid paying the filing fee, despite the fact that the law requires Plaintiff to pay the filing fee even if this case is dismissed. *See* Filing No. 17 and Section IV.B., *infra*. Thus, the Court is inclined to appoint counsel for Plaintiff *if he wants to pursue this case* but will reserve ruling on Plaintiff's Motion for Appointment of Counsel until Plaintiff complies with the Court's May 24, 2024, Memorandum and Order, Filing No. 16, by paying any portion of his initial partial filing fee and clarifies his intent to continue to pursue this case as discussed further below.

**B. Motion to Dismiss**

Plaintiff submitted correspondence addressed to the Clerk of the Court on May 30, 2024, which was docketed as a Motion to Dismiss. Filing No. 17. Plaintiff requests "to withdraw a civil complaint I filed due to my inability to pay the filing fee, as the prison legal aid did not say I would be responsible for the fee or that the case would be delayed until I'm able to pay." *Id*.

As background, on February 14, 2024, the Court granted Plaintiff leave to proceed in forma pauperis and assessed an initial partial filing fee of $53.83, based on average monthly deposits in the amount of $269.17. Filing No. 8. On May 6, 2024, the Court directed Plaintiff to show cause for his failure to pay his initial partial filing fee, Filing No. 14, and Plaintiff responded indicating his inability to pay, Filing No. 15. The Court, therefore, determined that this matter may proceed to initial review without full payment of the initial partial filing fee but directed Plaintiff to pay any portion of the initial partial filing fee available by June 24, 2024. Filing No. 16. In response, Plaintiff filed the present Motion to Dismiss.

As the Court previously explained to Plaintiff, the Prison Litigation Reform Act ("PLRA") requires an indigent inmate who files a lawsuit in federal court to pay the $350.00 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments. The method for collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive an in forma pauperis prisoner's filing fee. It is also well-established in this circuit that "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997). **In other words, even if the Court were to dismiss this case, Plaintiff remains obligated to pay the $350.00 filing fee so long as he remains a prisoner.** The fact that Plaintiff was ignorant of section 1915(b)'s terms and his obligation to pay the Court's filing fee prior to filing his action and motion to proceed in forma pauperis does not relieve him from the law's requirements. *See*

11

*Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986) ("Pro se litigants are not excused from compliance with substantive and procedural law.").

Although Plaintiff has not submitted any payments to the Court as of this date, his submission of "[a]n application to proceed in forma pauperis is consent for the institution to release trust account information to the clerk and to pay any filing fee required by 28 U.S.C. § 1915(b)." NECivR 3.3(b)(1). Moreover, "[t]he court must continue to collect, and the institution must continue to pay, the filing fee required by 28 U.S.C. § 1915(b)(1) until the fee is fully paid, despite dismissal of a case in which the court granted leave to proceed in forma pauperis." NECivR 3.3(b)(2). The Court is aware of other cases voluntarily dismissed by prisoner plaintiffs before payment of the initial partial filing fee because they did not want to pay any fees, but the prisoner's institution collected and remitted payments to the Court despite the dismissal and the prisoner's lack of authorization. *See Blackstock v. Nebraska Department of Correctional Services et al.*, No. 8:18-cv-00555-RGK-PRSE (D. Neb.) (Filing No. 23, Mar. 14, 2019, Memorandum and Order denying plaintiff's motion for refund of filing fees collected after plaintiff voluntarily dismissed action).

Given that Plaintiff will remain obligated to make payments towards the filing fee while incarcerated and the Court's conclusion on initial review that the Complaint states plausible claims for relief against certain Defendants, the Court will not act on Plaintiff's request to withdraw his Complaint at this time and will, instead, order Plaintiff to expressly inform the Court in writing within 30 days whether he wishes to continue to pursue this case. If Plaintiff truly does not wish to pursue this action any further, the

12

Court will grant Plaintiff's motion to voluntarily dismiss this case, but he should be aware that he will be responsible for payment of the filing fee even if this case is dismissed.

## V. CONCLUSION

Upon initial review of the Complaint, the Court concludes Plaintiff's claims against the NDCS and the individual Defendants in their official capacities must be dismissed for failure to state a claim upon which relief may be granted as they are barred by sovereign immunity. Plaintiff's Complaint also fails to state plausible claims for relief against NDCS Director Jeffreys and the unknown/unnamed prison staff in their individual capacities. On its own motion, the Court will give Plaintiff leave to amend his Complaint to allege sufficient facts to state plausible claims against Jeffreys and the unknown/unnamed prison staff Defendants in their individual capacities and to identify the unknown/unnamed prison staff Defendants by name or provide other sufficient information to identify the individual prison staff members he alleges were involved in the violation of his constitutional rights.

Plaintiff has stated plausible Eighth Amendment claims against Anderson, Kerr, and Voavart in their individual capacities and those claims may proceed to service of process. However, the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto. Further, no summonses will be issued until after Plaintiff clarifies whether he desires to continue to pursue this lawsuit, pays any portion of his initial partial filing fee, and has an opportunity to amend his Complaint in accordance with this Memorandum and Order.

To be clear, Plaintiff shall have 30 days from the date of this Memorandum and Order to (1) inform the Court in writing if he wants to continue pursuing this case or if he wants to voluntarily dismiss the case and (2) pay any portion of his initial partial filing fee or show cause why he cannot pay any amount.[3]  **If Plaintiff fails to respond to this Memorandum and Order, the Court will grant Plaintiff's Motion to Dismiss, Filing No. 17, and this action will be dismissed without prejudice and without further notice**.  If Plaintiff decides to continue pursuing this case and the issue of Plaintiff's initial partial filing fee payment is resolved, then the Court will rule on Plaintiff's Motion for Appointment of Counsel, Filing No. 9, and give Plaintiff an opportunity to amend his Complaint if he so desires.

IT IS THEREFORE ORDERED that:

1.	Plaintiff shall have until **August 7, 2024,** to inform the Court in writing if he wants to continue pursuing this case or if he wants to voluntarily dismiss this case.  **If Plaintiff fails to respond to this Memorandum and Order by August 7, 2024, the Court will grant Plaintiff's pending Motion to Dismiss, and this action will be dismissed without prejudice and without further notice**.

2.	If Plaintiff wants to continue with this litigation, Plaintiff shall have until **August 7, 2024,** to pay any portion of his initial partial filing fee in accordance with the Court's May 24, 2024, Memorandum and Order, Filing No. 16, or show cause why he cannot pay.

3.	The Clerk of the Court is directed to set a pro se case management deadline using the following text: **August 7, 2024**: deadline for Plaintiff to respond

---

[3] For example, Plaintiff may demonstrate his present inability to pay by providing an updated inmate trust account statement.

14

regarding motion to dismiss and to pay any portion of his initial partial filing fee or show cause why he cannot pay.

4. The Court will reserve ruling on Plaintiff's Motion for Appointment of Counsel, Filing No. 9, and Motion to Dismiss, Filing No. 17, until after Plaintiff has an opportunity to respond to this Memorandum and Order.

Dated this 8th day of July, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

15