IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRACY M. MCCANTS,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERV., PRISON GUARD SGT. ANDERSON, PRISON GUARD CPL. KERR, PRISON NURSE UNKNOWN, J. VEAVART, and UNKNOWN/UNNAMED PRISON STAFF,<br><br>　　　　　　　Defendants. | 4:24CV3027<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's Response, Filing No. 19, to the Court's July 8, 2024, Memorandum and Order (hereinafter "initial review order"), Filing No. 18, on initial review of Plaintiff's Complaint, in which the Court directed Plaintiff to inform the Court in writing if he wants to continue pursuing this case or if he wants to voluntarily dismiss this case as indicated in his pending Motion to Dismiss, Filing No. 17. In his Response, Plaintiff expressly states he intends to continue with these proceedings. Accordingly, the Court will deny Plaintiff's Motion to Dismiss and grant his pending Motion for Appointment of Counsel, Filing No. 9, and progress this matter as set forth below.

I.  BACKGROUND

On July 8, 2024, the Court conducted an initial review of Plaintiff's Complaint, Filing No. 1, and concluded that Plaintiff stated plausible Eighth Amendment claims against Defendants Sergeant Johnathan Anderson ("Anderson"), Corporal DeCarlo Kerr ("Kerr"), and medical staff member J. Voavart ("Voavart") but his claims against the

Nebraska Department of Correctional Services ("NDCS") and the individual Defendants in their official capacities must be dismissed as they are barred by sovereign immunity. The Court further concluded that the Complaint fails to state plausible claims for relief against NDCS Director Robert Jeffreys ("Jeffreys")[1] and "unknown/unnamed prison staff." Filing No. 18.

However, because Plaintiff had not paid any part of his initial partial filing fee and had filed his Motion to Dismiss indicating his wish to withdraw his Complaint due to his "inability to pay the filing fee," Filing No. 17, the Court declined to progress the case further until after Plaintiff clarified his intent to continue to pursue this case given that he would remain responsible for payment of the filing fee even if the Court granted his Motion to Dismiss. Filing No. 18 at 10–13. Instead, the Court gave Plaintiff until August 7, 2024, to inform the Court in writing if he wants to continue pursuing this case or if he wants to voluntarily dismiss the case and, if he wants to continue, to pay any portion of his initial partial filing fee or show cause why he cannot pay any amount. *Id*. at 14. The Court specifically reserved ruling on Plaintiff's pending Motion for Appointment of Counsel, Filing No. 9, and Motion to Dismiss, Filing No. 17, until after Plaintiff had an opportunity to respond to the initial review order. Plaintiff filed his Response on July 18, 2024. Filing No. 19.

## II. PLAINTIFF'S RESPONSE AND PENDING MOTIONS

As stated above, Plaintiff indicated in his Response that he wishes to continue to pursue this case. Filing No. 19. Plaintiff also stated that his institution had begun to collect his filing fee payments owed to the Court, and the Court received an initial partial

---

[1] Jeffreys is not listed as a Defendant in the Complaint's caption, but he is listed in the body of the Complaint as the "Job or Title" for Defendant NDCS, Filing No. 1 at 1–2, so the Court liberally construed the Complaint as asserting claims against Jeffreys, Filing No. 18 at 1.

2

filing fee payment of $5.80 on July 18, 2024. As Plaintiff has fully complied with the Court's initial review order, the Court will deny Plaintiff's Motion to Dismiss as moot.

With respect to Plaintiff's pending Motion for Appointment of Counsel, Filing No. 9, the Court has considered the relevant factors in determining whether counsel should be appointed, *see* Filing No. 18 at 9 (discussing criteria for appointing counsel), and determines that Plaintiff and the Court would benefit from the appointment of counsel in this matter. Plaintiff's Motion for Appointment of Counsel is, therefore, granted, and counsel is appointed to assist Plaintiff with the prosecution of this case as set forth below.

### III. CONCLUSION

Because Plaintiff wishes to continue with the prosecution of this case, Plaintiff's Motion to Dismiss is denied as moot, his Motion for Appointment of Counsel is granted, and this matter will proceed in accordance with the Court's initial review order. Accordingly, Plaintiff's Eighth Amendment claims against Anderson, Kerr, and Voavart in their individual capacities may proceed to service of process. Plaintiff's claims against the NDCS and the individual Defendants in their official capacities will be dismissed for failure to state a claim upon which relief may be granted as they are barred by sovereign immunity. Additionally, Plaintiff's claims against NDCS Director Jeffreys and the unknown/unnamed prison staff[2] in their individual capacities are dismissed without prejudice to Plaintiff's filing of an amended complaint with the assistance of counsel that

---

[2] For purposes of initial review, unknown/unnamed prison staff includes Defendant "Prison Nurse Unknown" named in the caption.

alleges sufficient facts to state plausible claims against Jeffreys and the unknown/unnamed prison staff Defendants in their individual capacities.[3]

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Dismiss, Filing No. 17, is denied as moot.

2. In accordance with the Court's initial review order, Filing No. 18, the following Defendants and claims shall be dismissed or proceed further as specified below:

    a. Defendant Nebraska Department of Correctional Services is dismissed from this action with prejudice and without leave to amend.

    b. Plaintiff's claims against all Defendants in their official capacities are dismissed with prejudice and without leave to amend.

    c. Plaintiff's claims against NDCS Director Robert Jeffreys, Prison Nurse Unknown, and Unknown/Unnamed Prison Staff in their individual capacities are dismissed without prejudice and with leave to amend.

    d. Plaintiff's Eighth Amendment claims against Defendants Sergeant Johnathan Anderson, Corporal DeCarlo Kerr, and medical staff member J. Voavart may proceed to service of process.

3. For service of process on Defendants Sergeant Johnathan Anderson, Corporal DeCarlo Kerr, and J. Voavart, in their individual capacities, the Clerk of the

---

[3] In the initial review order, the Court, sua sponte, gave Plaintiff leave to amend his Complaint to allege plausible claims for relief against Jeffreys and the unknown/unnamed prison staff Defendants in their individual capacities. Filing No. 18 at 13. As the Court has determined counsel should be appointed for Plaintiff, the Court concludes dismissal of these claims without prejudice to amendment with counsel's assistance is more appropriate and expeditious to the progression of this matter.

Court is directed to complete two sets of summons and USM-285 forms for each Defendant. The service address for the first set of forms is:

> Office of the Nebraska Attorney General
> 2115 State Capitol
> Lincoln, NE 68509.

The service address for the second set of forms is:

> Nebraska Department of Correctional Services
> Reception and Treatment Center
> PO Box 22800
> Lincoln, NE 68542-2800.

4. The Clerk of the Court shall forward the summons forms and USM-285 forms together with sufficient copies of the Complaint, Filing No. 1, the Court's initial review order, Filing No. 18, and this Memorandum and Order to the United States Marshals Service.

5. The Marshals Service shall serve Defendants Sergeant Johnathan Anderson, Corporal DeCarlo Kerr, and J. Voavart, in their individual capacities by "leaving the summons at the office of the Attorney General with the Attorney General, deputy attorney general, or someone designated in writing by the Attorney General, or by certified mail or designated delivery service addressed to the office of the Attorney General." Neb. Rev. Stat. § 25-510.02(1) (prescribed method for serving the State of Nebraska or any state agency); *see also* Federal Rule of Civil Procedure 4(j)(2); Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

5

6. The Marshals Service shall also serve Defendants Sergeant Johnathan Anderson, Corporal DeCarlo Kerr, and J. Voavart by certified mail or other authorized method of service at the Nebraska Department of Correctional Services' address shown above. See Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

7. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[4]

8. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

9. Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

10. The Clerk of Court is directed to set a case management deadline in this case with the following text: **December 3, 2024**: service of process to be completed.

11. Plaintiff's Motion for Appointment of Counsel, Filing No. 9, is granted.

---

[4] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. Wright v. First Student, Inc., 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." See Moore v. Jackson, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). See, e.g., Beyer v. Pulaski County Jail, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

12. With thanks for accepting the appointment, Jason E. Troia and the Dornan Law Team is hereby appointed to represent Plaintiff Tracy M. McCants in this matter.[5]

13. Jason E. Troia and/or any other counsel from the Dornan Law Team is directed to promptly enter their appearance as counsel in this case.

14. Upon entry of counsel's appearance in CM/ECF, the Clerk of Court shall immediately pay from the Federal Practice Fund the sum of $1,000 to the Dornan Law Team.

15. A second and last installment of $1,000 shall become due and payable to the Dornan Law Team upon the entry of judgment or other closing documents in the case.

16. Subject to the prior approval of the Court, counsel may incur reasonable expenses when representing Plaintiff in accordance with the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee. *See also* NEGenR 1.7(g) and NECivR 54.3–54.4.

17. Should Plaintiff succeed, and counsel be awarded attorney fees and expenses that exceed $2,000 plus expenses, counsel shall reimburse the Federal Practice Fund for the fees and expenses paid from the fund.

18. Counsel for Plaintiff is appointed to assist Plaintiff with the prosecution of his claims and through trial if this case should proceed to trial. The appointment will not extend to any appeal after trial.

19. The Clerk of the Court is directed to update the caption to remove Defendants "Nebraska Department of Correctional Serv.," "Prison Nurse Unknown," and

---

[5] The undersigned has been authorized by the Chief Judge to appoint counsel pursuant to the Amended Plans for the Administration of the Federal Practice Fund and the Federal Practice Committee.

"Unknown/Unnamed Prison Staff," and to change the spelling of Defendant "J. Veavart" to "J. Voavart."

20. The Clerk of Court is further directed to send a copy of this Memorandum and Order to Plaintiff and Plaintiff's appointed counsel.

Dated this 4th day of September, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge